IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:06-CR-00074-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY RAVON RUFFIN,

    Defendant.

ORDER

This matter comes before the court on Defendant's *pro se* Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) [DE 224], Petition for Certificate of Innocence [DE 226], and Motion to Seal [DE 227]. The court addresses each in turn.

## I.    Background

On November 1, 2006, Defendant was charged in an eight-count indictment for various drug trafficking crimes. *See* DE 1. On June 11, 2007, Defendant pled guilty pursuant to a written plea agreement to two of those charges. *See* DE 33–34. On April 15, 2009, Defendant was sentenced by United States District Judge James C. Fox to 322 months of imprisonment.[1] *See* DE 43. Defendant did not appeal his sentence. As of this writing, Defendant's projected release date is September 19, 2054. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 3, 2026).

On October 28, 2011, Defendant filed his first petition to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his trial counsel was constitutionally ineffective. *See* DE 46. That

---

[1] On May 22, 2014, Judge Fox reduced the imposed term of imprisonment to 270 months pursuant to 18 U.S.C. § 3582(c)(2). *See* DE 66.

petition was dismissed as untimely. *See* DE 62. On July 21, 2014, Defendant filed a second §

2255 petition, arguing that newly discovered evidence showed that his guilty plea was not knowing

and voluntary *See* DE 70. That petition was dismissed as an unauthorized second or successive

habeas petition. *See* DE 79. On February 25, 2019, Defendant moved pursuant to Federal Rule

of Civil Procedure 60(b) for relief from the second dismissal order. *See* DE 104. On April 25,

2019, United States District Judge Terrence W. Boyle construed this motion as a § 2255 petition

and dismissed it. *See* DE 109. Seven years later, on May 4, 2026, Defendant moved for relief

from Judge Boyle's order. *See* DE 224. In this posture, the pending motions are ripe for review.

## II. Discussion

Defendant moves pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from

Judge Boyle's order on the grounds that the Supreme Court's recent decision in *Bowe v. United

States*, 607 U.S. 13 (2026) permits him to file second or successive habeas petitions. DE 224 at

5–6. Defendant is mistaken. In *Bowe*, the Supreme Court considered "whether § 2244(b)(1),

which directs courts to dismiss a claim 'presented in a second or successive habeas corpus

application under section 2254 that was presented in a prior application,' applies to motions filed

by federal prisons." *Bowe*, 607 U.S. at 18. The court held that "it does not." *Id.* The upshot for

federal prisoners is that when they seek authorization from a panel of a United States Court of

Appeals to file a second or successive petition, their application will not automatically be denied

simply because their claim was presented in a prior application. *See id.* at 39 ("[W]hen a federal

prisoner moves for authorization, a panel can authorize the filing if it satisfies one of the two

grounds in § 2255(h)[.]"); *see also* § 2255(h) (permitting second or successive motions upon a

showing of (1) newly discovered evidence of innocence and (2) a new, retroactive constitutional

rule). None of this, however, undercuts the requirement that Defendant receive authorization from

2

the Fourth Circuit before he files a second or successive petition. *See* § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]"). It simply clarifies how the Fourth Circuit would be required to consider such an application. Accordingly, *Bowe* does not provide a basis on which to vacate the challenged order. Defendant's "only proffered basis for relief under Rule 60(b) is without merit," *see United States v. Carrington*, No. 5:22-HC-02093-M, 2025 WL 1559613, at *6 (E.D.N.C. June 2, 2025), so his motion [DE 224] is denied.

Defendant also moves for a certificate of innocence pursuant to 28 U.S.C. § 2513, which would permit him to sue the United States for damages in the Court of Federal Claims for unjust conviction and imprisonment. *See* DE 226; *see also* 28 U.S.C. § 1495. "The statute requires a petitioner who has not been pardoned to make three independent showings" in order to receive a certificate of innocence. *United States v. Moon*, 31 F.4th 259, 262 (4th Cir. 2022).

> First, the petitioner must demonstrate that "[h]is conviction has been reversed or set aside on the ground that he is not guilty . . . or on new trial or rehearing he was found not guilty of such offense." *Id.* § 2513(a)(1). Second, the petitioner must either show (1) "[h]e did not commit any of the acts charged" or (2) "his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia." *Id.* § 2513(a)(2). And third, he must prove "he did not by misconduct or neglect cause or bring about his own prosecution." *Id.* In simple terms, a petitioner must show his conviction was reversed on the grounds of innocence, that he was in fact innocent, and that his malfeasance didn't cause his prosecution.

*Id.* Defendant's motion fails at the start. His conviction has not been reversed or set aside; indeed, he is still in federal custody serving a federal sentence for drug trafficking. Accordingly, he has not demonstrated that a certificate of innocence is appropriate. *See id.* His motion requesting one [DE 226] is denied.

3

## III.    Conclusion

For these reasons, Defendant's *pro se* Motion for Relief from Judgment [DE 224] and Petition for Certificate of Innocence [DE 226] are DENIED.  For good cause shown, his Motion to Seal [DE 227] is GRANTED.  The Clerk is DIRECTED to maintain the filing at DE 226 and the associated attachments under seal until further order of the court.

SO ORDERED this _____3ᵈ_____ day of June, 2026.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

4